UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. _____

BRIAN WALSH and EILEEN T. WALSH,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC

    Defendant,
_____/

## COMPLAINT

**NOW COME** BRIAN WALSH and EILEEN T. WALSH ("Brian" and "Eileen" collectively known as "Plaintiffs"), by and through their undersigned counsel, complaining of ENHANCED RECOVERY COMPANY, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

4. Plaintiffs are natural persons over 18-years-of-age who, at all times relevant, resided and were domiciled in Connecticut.

1

5. Plaintiffs are "persons" as defined by 47 U.S.C. § 153(39).

6. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

7. ENHANCED RECOVERY COMPANY, LLC ("Defendant") maintains its principal place of business at 8014 Bayberry, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. At all times relevant, Eileen was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0963.

11. At all times relevant, Eileen's number ending in 0963 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Eileen was financially responsible for her cellular telephone equipment and services.

13. At all times relevant, Brian was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1120.

14. At all times relevant, Brian's number ending in 1120 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Brian was financially responsible for his cellular telephone equipment and services.

16. In or around November of 2020, Plaintiffs started to receive phone calls from Defendant to their cellular phones.

17. Specifically, the calls initially started to Brian only, but eventually Eileen began receiving calls as well

18. On numerous occasions upon answering the calls from Defendant, Plaintiffs were met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a live agent.

19. During one of the initial phone call, Defendant advised Brian that they were attempting to reach Eileen.

20. Brian informed Defendant that this was not Eileen's number and to stop contacting him.

21. In complete disregard for Brian's requests, Defendant continued their call campaign.

22. Brian received numerous additional unconsented to and unwanted collection calls.

23. On or around the beginning of December, Brian phoned into Defendant to, yet again, request the calls cease.

24. Brian was told that his number was no longer in the system by a representative of Defendant's.

25. Brian informed Defendant's representative that must not be true as he has still continued to receive unwanted and unconsented to collection calls from Defendant.

26. Eventually, a representative explained and assured Brian that his number was not in their system.

27. Unfortunately, Brian received another unwanted and unconsented to collection call the very next day.

28. The increased stress was starting to mount against Brian and Eileen.

29. Brian yet again called in to determine why it was so difficult for the calls to stop.

30. Brian was informed that Defendant was collection for an account allegedly owed by his wife.

31. Defendant's representative disclosed all of Eileen's sensitive personal identification information to Brian

32. Brian, yet again, informed them to stop contacting him and his wife and requested they send something in writing to his wife regarding the alleged debt.

33. Fast forward to the end of January of 2021, Eileen received a written communication from Defendant.

34. Specifically, the communication was received on January 20, 2021.

35. Eileen was confused as to the nature of Defendant's communication.

36. Specifically, Defendant's letter stated that they were in receipt of Eileen's dispute and/or request for validation.

37. Eileen never made such request.

38. This communication she received was the first communication she received from Defendant.

39. The communication was concerning an alleged consumer debt owed by Eileen to Synchrony Bank.

40. Interestingly enough, Defendant's communication was dated "12/11/20".

41. However, this was approximately 3 or 4 days after the call Brian had requested they stop contacting him and his wife on their cellular telephone numbers and send Eileen something in writing regarding the alleged debt.

42. The communication was postmarked January 7, 2021.

43. During this time, Defendant's unwanted and unconsented to collection calls continued.

44. Furthermore, since Eileen received that communication on January 20, 2021 she has yet to receive anything else in writing from Defendant.

45. Despite Plaintiffs' request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

46. Defendant continues to contact Plaintiffs' from the numbers, including but not limited to, 904-900-7815, 800-882-0699, 904-900-7815, 800-861-9732, 800-882-0699 and 904-900-7815.

47. In total, Defendant has placed no less than 20, unwanted and unconsented to harassing collection calls to Plaintiffs cellular phones in an attempt to collect the subject debt.

## DAMAGES

48. Defendant's abusive collection practices have severely disrupted Plaintiffs' daily life and general well-being.

49. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiffs actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiffs' time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of their cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge their cellular telephone as a result of increased usage of their cellular phone.

50. Moreover, each time Defendant placed a phone call to Plaintiffs, Defendant occupied Plaintiffs' cellular phone such that Plaintiffs' were unable to receive other phone calls or otherwise utilize their cellular phone while their phone was ringing.

51. Additionally, Eileen and Brian have suffered from Defendant's deceptive and unfair collection practices.

52. The lack of cooperation and truthful collection by Defendant has caused Brian and Eileen a great deal of stress.

53. Specifically, Eileen and Brian have suffered from fear and stress from not knowing what Defendant was attempting to collect upon.

54. Specifically, the unknown actions and continuous unwanted and unconsented to collection calls caused Eileen a great deal of stress that lead to treatment to attempt to resolve her symptoms.

55. Simply put, Eileen and Brian's statutorily guaranteed rights of the FDCPA were violated, which impacted their ability to properly address the alleged debt

56. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiffs retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

57. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

58. Defendant placed or caused to be placed at least 20 non-emergency calls, including but not limited to the calls referenced above, to Plaintiffs' cellular phone numbers using an automatic telephone dialing system ("ATDS") after Plaintiffs revoked consent in violation of 47

U.S.C. §227(b)(1)(A)(iii).

59. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

60. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiffs answered, Defendant used an ATDS to place calls to Plaintiffs' cellular phones.

61. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

62. Defendant violated the TCPA by placing no less than 20 harassing phone calls to Plaintiffs' cellular phones using an ATDS without their consent.

63. As pled above, Plaintiffs revoked consent to be called on their cellular phone during phone calls that were answered.

64. As pled above, Plaintiffs were severely harmed by Defendant's collection calls to their cellular phone.

65. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

66. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

67. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

a. **Violations of FDCPA §1692c**

68. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

69. Brian advised that he and Eileen no longer wished to receive phone calls from Defendant.

70. Defendant knowing this information, continued to contact Brian and Eileen on their cellular telephones.  on his cellular telephone.

71. Defendant violated § 1692c(a)(1) when it placed at least 20 collection calls to Plaintiffs' cellular phone numbers in an attempt to collect the subject debt after knowing that contacting Plaintiffs' would be inconvenient as Brian requested the telephone calls cease.

b. **Violations of FDCPA §1692d**

72. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

73. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person

8

in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

74. Defendant violated §§ 1692d and d(5) when it placed at least 20 collection calls to Brian and Eileen's cellular phone numbers in an attempt to collect the subject debt after being requested to stop.

75. Defendant's behavior of systematically calling Plaintiffs' cellular phone numbers in an attempt to collect the subject debt was harassing and abusive as they were aware of the requests for the calls to stop and continued to make the calls.

76. Defendant's collection calls to Plaintiffs were made with the specific intent of annoying, harassing, and abusing Plaintiffs as Plaintiffs informed Defendant they no longer wished to be contacted on their cellular telephones.

77. The fact that Defendant knowingly placed calls to Plaintiffs after Plaintiffs made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiffs.

   c. **Violations of 15 U.S.C. § 1692g**

78. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1)   the amount of the debt;

   (2)   the name of the creditor to whom the debt is owed;

   (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

79. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including certain validation requirements within 5 days of the initial contact.

80. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Eileen with the disclosures required by the FDCPA.

81. At no point in time has Eileen received a written communication containing the required information of the FDCPA referenced above.

82. Plaintiffs may enforce the provisions of 15 U.S.C. 15 U.S.C. §§ 1692c(a)(1), d, d(5) and g pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

   (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE,** Plaintiffs request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiffs their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: February 25, 2021            Respectfully submitted,

**BRIAN WALSH and
EILEEN T. WALSH**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com